### UNITED STATES of America, Plaintiff–Appellee,

v.

### Anthony Brian LEWIS, Defendant–Appellant.

### No. 95–4040.

United States Court of Appeals, Tenth Circuit.

Dec. 5, 1995.

---

Bruce C. Lubeck, Assistant United States Attorney (Scott M. Matheson, Jr., United States Attorney, with him on the brief), Salt Lake City, Utah, for Plaintiff–Appellee.

Charles F. Loyd, Salt Lake City, Utah, for Defendant–Appellant.

Before BALDOCK, McWILLIAMS, and REAVLEY,* Circuit Judges.

* The Honorable Thomas J. Reavley, Senior Circuit Judge, United States Court of Appeals for the

BALDOCK, Circuit Judge.

On February 23, 1993, Defendant Anthony Brian Lewis was paroled from Utah State Prison while serving a sentence for unlawful possession of crack cocaine. Defendant's Parole Agreement authorized "a Parole Agent to search [his] person, residence, vehicle, or any other property under [his] control, without a warrant, any time day or night, upon reasonable suspicion as ascertained by a Parole Agent, to insure compliance with the conditions of [his] parole." On October 13, 1993, parole agents, accompanied by Salt Lake City police officers, searched Defendant's home without a warrant after receiving a confidential informant's tip to the police that Defendant might be selling crack cocaine. The agents' search uncovered approximately five grams of crack cocaine.

Defendant pled guilty to a one count information charging him with possession of crack cocaine in violation of 21 U.S.C. § 844(a). Defendant, however, reserved his right under Fed.R.Crim.P. 11(a)(2) to appeal the district court's denial of his motion to suppress the evidence seized during the search.[1] The district court sentenced Defendant to 104 months imprisonment and Defendant appealed. Defendant asserts the confidential informant's tip was insufficient to establish the necessary reasonable suspicion to justify a warrantless search of his residence. Our jurisdiction arises under 28 U.S.C. § 1291.

■■■ On appeal from a denial of a motion to suppress, we view the evidence in a light most favorable to the government and accept the district court's findings of historical fact unless clearly erroneous. *United States v. Maden,* 64 F.3d 1505, 1508 (10th Cir.1995). We review the district court's ultimate determination of reasonableness under the Fourth Amendment de novo. *Id.* We have thoroughly reviewed the record and find ample support for the findings of the district court, which we summarize below. Because the facts establish reasonable suspicion to justify the warrantless search of Defendant's residence, we affirm.

## I.

Salt Lake City police officer Isaac Astencio had been working with a confidential drug informant for three to four months. In September 1993, the informant advised Astencio that a man called "Gucci" was selling crack cocaine. Although he did not know Gucci's full identity, the informant provided Astencio with a license plate number from Gucci's car. Astencio ran the plate number which named Defendant as the registered owner. Further investigation revealed that Defendant was on parole in Utah. Astencio informed the parole division of the Utah Department of Corrections that he was investigating Defendant.

On the evening of October 13, 1993, Astencio and the informant planned a "controlled purchase" from the Defendant. The informant twice unsuccessfully attempted to contact Defendant through a pager number. Astencio and the informant then proceeded to the Defendant's residence in Salt Lake City, but again were unable to contact Defendant. Shortly thereafter, Astencio tried unsuccessfully to phone Defendant's assigned parole agent, Bill Stephenson, to inform him of Defendant's suspected criminal activity. Astencio left a message indicating he was discontinuing his investigation of Defendant.

Later that evening, Astencio spoke with parole agent Leslie Lewis at the police station and informed her of the situation. Although Astencio did not request Lewis' assistance, Lewis contacted parole agent Arthur Street, who was making home visits on his assigned caseload, and informed him of Defendant's suspected involvement in selling crack cocaine. Lewis asked Street to make a "home visit" on Defendant. Street, accompanied by another parole agent, arrived at Defendant's residence around 10:30 p.m. Street had no prior involvement with the Defendant.

Fifth Circuit, sitting by designation.

1. Rule 11(a)(2) states:
   Conditional Pleas. With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.
   Fed.R.Crim.P. 11(a)(2).

Street knocked on the door and Defendant answered. Street identified himself and his partner as parole agents and informed Defendant that they were conducting a home visit. Because his partner was female, Street asked Defendant, who was in his underwear, to get dressed. Street followed the Defendant into the bedroom where he observed circular pieces of plastic commonly used in packaging small amounts of cocaine. Street also noticed a large bulge in Defendant's pants pocket, which Street subsequently identified as $540.00 in cash. Defendant indicated he earned $5.00 an hour and had just been paid.

Based upon the plastic circles, the large amount of cash, and the information he had received from Lewis regarding Defendant's suspected involvement with cocaine, Street concluded that backup support was needed before thoroughly searching Defendant's residence to determine compliance with the conditions of his parole. Street radioed Lewis for assistance. A few moments later, Lewis and three Salt Lake City police officers, including Astencio, arrived. In the kitchen garbage can, agents located a pager and a wad of paper containing crack cocaine.

## II.

■ The Fourth Amendment provides protection from unreasonable searches and seizures.[2] Generally, law enforcement officials should conduct searches pursuant to a warrant supported by probable cause. *Vernonia School Dist. 47J v. Acton*, — U.S. —, — – —, 115 S.Ct. 2386, 2390–91, 132 L.Ed.2d 564 (1995). The Supreme Court, however, has recognized exceptions to the warrant requirement where "'special needs, beyond the normal need for law enforcement, make the warrant and probable-cause requirement impracticable.'" *Griffin v. Wisconsin*, 483 U.S. 868, 873, 107 S.Ct. 3164, 3168, 97 L.Ed.2d 709 (1987) (quoting *New Jersey v. T.L.O.*, 469 U.S. 325, 351, 105

S.Ct. 733, 748, 83 L.Ed.2d 720 (1985) (Blackmun, J., concurring)).

■ A state's parole system presents such "special needs." *See Griffin*, 483 U.S. at 873–74, 107 S.Ct. at 3168 (applying "special needs" exception to probation system). Parolees do not enjoy "the absolute liberty to which every citizen is entitled, but only ... conditional liberty properly dependent on observance of special parole restrictions." *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1982). These restrictions are designed to ensure rehabilitation and protect the public. These twin aims justify the state limiting a parolee's Fourth Amendment rights and consequent expectations of privacy. *See Griffin*, 483 U.S. at 875, 107 S.Ct. at 3169.

■ To determine the lawfulness of a warrantless search, we balance the parolee's expectations of privacy against the state's interests to determine the level of individualized suspicion necessary to support a warrantless search. *Romo v. Champion*, 46 F.3d 1013, 1017 (10th Cir.), *cert. denied*, — U.S. —, 116 S.Ct. 387, 133 L.Ed.2d 309 (1995). In this instance, we look to Utah state law to determine whether the "special needs" of its parole system justify the warrantless search of Defendant's home. *See Griffin*, 483 U.S. at 875, 107 S.Ct. at 3169. The search will satisfy the Fourth Amendment's reasonableness requirement to the extent parole agents carried it out pursuant to state law which itself satisfies the Fourth Amendment's reasonableness requirement. *Id.* at 873, 107 S.Ct. at 3168.

## III.

■ We first conclude that the "special needs" of Utah's probation system justify a warrant exception in the parole context. *See Griffin*, 483 U.S. at 876, 107 S.Ct. at 3170 (approving Wisconsin's warrant exception in probation context). The parole system is "a controlled passageway between prison and

---

**2.** The Fourth Amendment states:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.

freedom." *State v. Velasquez*, 672 P.2d 1254 (Utah 1983). Parole agents necessarily exercise close supervisory powers over their subjects to assure a successful transition. To adequately monitor a parolee's progress and deter further criminal conduct, a parole agent must be permitted in the proper instance to act expeditiously and without warning. "[T]he delay inherent in obtaining a warrant would make it more difficult for ... officials to respond quickly to evidence of misconduct and would reduce the deterrent effect that the possibility of expeditious searches would otherwise create." *Griffin*, 483 U.S. at 876, 107 S.Ct. at 3170.

▮ Further, we conclude that the prerequisites to a warrantless search of a parolee's residence in Utah comply with the Fourth Amendment's reasonableness requirement. The Utah Supreme Court has held a warrantless search of a parolee to be valid where the evidence establishes "(1) that the parole agent has a reasonable suspicion that the parolee has committed a parole violation or crime, and (2) that the search is reasonably related to the parole agent's duty." *State v. Johnson*, 748 P.2d 1069, 1072–73 (Utah 1987).[3]

In *Griffin*, the Supreme Court upheld a probation officer's (not the defendant's assigned probation officer) warrantless search of a Wisconsin probationer's residence based solely on information obtained from police that the probationer might possess guns. The Court acknowledged that this evidence alone was sufficient to satisfy the Fourth Amendment's reasonableness requirement in the probation context:

> [W]e think it reasonable to permit information provided by a police officer, whether or not on the basis of firsthand knowledge, to support a probationer search.... [W]e

think it enough if the information provided indicates, as it did here, only the likelihood ("had or might have guns") of facts justifying the search.

*Griffin*, 483 U.S. at 879–80, 107 S.Ct. at 3171–72. Applying *Griffin* in the parole context of this case, the Utah Supreme Court's warrantless search standard set forth in *Johnson* is consistent with the Fourth Amendment's reasonableness standard. *Johnson* authorizes a warrantless search of a parolee only when "the parol officer has a reasonable suspicion that the parolee has committed a parole violation or crime and ... the search is reasonably related to the parole officer's duty." *Johnson*, 748 P.2d at 1072. At a minimum, this standard ensures that a parole agent may search a parolee's residence only if there exists "the likelihood of facts justifying the search". *Griffin*, 483 U.S. at 890, 107 S.Ct. at 3177. Consequently, the Utah standard satisfies the Fourth Amendment's reasonableness requirement.[4]

## IV.

▮ Next, we must determine whether the parole agents carried out the search of Defendant's residence in accord with the Utah warrantless search standard. Officer Astencio had been working with the informant for three to four months and had confidence in the informant's reliability. The license plate check of "Gucci" revealed the suspect as Defendant. A further background check indicated Defendant was on parole in Utah. Thus, Astencio was acting on more than a "whim" or "hunch" when he and his informant attempted to make a controlled purchase from Defendant. Rather, the information which Astencio possessed, and which he relayed to parole agents, created a reasonable suspicion of Defendant's drug activi-

---

3. The first requirement is consistent with the standardized language of the Utah Parole Agreement which Defendant signed. The second requirement deters police officers from using parole agents to evade the necessity of procuring a warrant prior to a search. This is not to say, however, that a parole agent's search is unlawful because the police assist in the search or benefit from its fruits. *Johnson*, 748 P.2d at 1072–73.

4. The Utah Supreme Court also has recognized that "under the reasonable suspicion standard,

searches have generally been upheld where the parole officer's suspicion is based only on a tip by an anonymous informer, the police or other sources." *Velasquez*, 672 P.2d at 1262 (reasonable suspicion based on informant's tip relayed by police and observation that parolee had no visible means of support); *accord State v. Martinez*, 811 P.2d 205, 209–10 (Utah Ct.App.1991) (tip relayed by police officer sufficient to support reasonable suspicion).

ty justifying the parole agents' warrantless search of his residence. Accordingly, we reject Defendant's argument that the confidential informant's tip to Officer Astencio, subsequently relayed to Parole Agent Lewis, was insufficient to establish reasonable suspicion in compliance with the Fourth Amendment.[5]

Finally, we conclude that the search was reasonably related to the parole agents' duties, *Johnson*, 748 P.2d at 1072–73, and to the "legitimate demands of the operation of the parol process," *Velasquez*, 672 P.2d at 1263. Agents performed the search because of legitimate concerns relating to Defendant's suspected drug activity and compliance with the terms of his parole. To adequately deter misconduct and protect the public, parole agents must be permitted to act expeditiously upon reasonable suspicion of a parole violation. Consequently, we conclude the parole agents acted in a manner reasonably related to their duty.

We hold the warrantless search of Defendant's residence was reasonable within the meaning of the Fourth Amendment because parole agents conducted the search pursuant to state law which itself satisfies the Fourth Amendment's reasonableness requirement. Accordingly, the district court properly denied Defendant's motion to suppress.

AFFIRMED.

---

**5.** Defendant suggests that because parole agent Street initially characterized the search of Defendant's residence as a home visit, only Defendant's assigned probation agent was authorized to conduct it absent a warrant. Defendant points to language in his parole agreement that authorizes home visits "as required by *my* Parole Agent." (emphasis added). Lest the court become a citadel of technicality, we believe a parole agent's characterization of a search is irrelevant where, as in this case, the agent possesses a reasonable suspicion of criminal misconduct and the search is reasonably related to the legitimate demands of the parole system.