UNITED STATES COURT OF APPEALS
**Filed 7/22/96**
TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

PETER BASS,

      Defendant - Appellant.

No. 95-8084
(D.C. No. 95-CR-79D)
(D. Wyo.)

ORDER AND JUDGMENT[*]

Before SEYMOUR, Chief Judge, KELLY and LUCERO, Circuit Judges.[**]

Mr. Bass appeals from his conviction resulting from a conditional plea of guilty to possession with intent to distribute methamphetamine. 21 U.S.C. § 841(a)(1), (b)(1)(B). Mr. Bass claims that a warrantless search of his room by his parole officer and a police officer violated his Fourth Amendment rights. We exercise jurisdiction under 21 U.S.C. §1291 and affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

We review the district court's findings of fact under a clearly erroneous standard, viewing the evidence in the light most favorable to the government. United States v. Maden, 64 F.3d 1505, 1508 (10th Cir. 1995). The determination of reasonableness under the Fourth Amendment is a question of law, which we review de novo. United States v. Miller, No. 95-3039, 1996 WL 268047, at *2 (10th Cir. May 20, 1996).

The Fourth Amendment manifests "a strong preference for searches conducted pursuant to a warrant." Ornelas v. United States, 116 S. Ct. 1657, 1662 (1996) (citation omitted). However, exceptions from the warrant requirement are allowed for certain "special needs" of law enforcement, including a state's parole system. Griffin v. Wisconsin, 483 U.S. 868, 873-74 (1987). Wyoming law permits a warrantless search of a parolee's home if the parole officer has reasonable suspicion of a parole violation or crime and the search is reasonably related to the parole officer's duties. Pena v. Wyoming, 792 P.2d 1352, 1358 (Wyo. 1990). The Wyoming Department of Corrections' regulations permit a warrantless parolee search if the parole agent has "a reasonable belief that the [parolee] has violated the conditions of release and that the search may produce evidence to support the alleged violations." Aplt. App. at 54 (emphasis omitted). This complies with the Fourth Amendment. United States v. McCarty, 82 F.3d 943, 947-48 (10th Cir. 1996) (probation); United States v. Lewis, 71 F.3d 358, 362 (10th Cir. 1995) (parole).

The tips received by Agent Maraman and her initial search of Mr. Bass' residence

created a reasonable suspicion justifying the second warrantless search, which was reasonably related to her duty as parole agent. Officer Baca's presence, requested by Agent Maraman to ensure her personal safety, does not adversely affect the reasonableness of the search. Lewis, 71 F.3d at 362 n.3.

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge