**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 13 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RONALD JAMES FISHER, JR.,

    Defendant - Appellant.

No. 01-1504
D.C. No. 01-CR-53-B
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[**]

    Defendant-Appellant Ronald James Fisher entered a plea of guilty to using and carrying a firearm during and in relation to a drug trafficking crime pursuant to 18 U.S.C. § 924(c)(1)(A)(i) for which he was sentenced to 60 months imprisonment, followed by a three-year term of supervised release. On appeal, he challenges the district court's denial of his motion to suppress evidence obtained

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

in a warrantless search of his vehicle and statements made by him prior to receiving Miranda warnings.  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Background

On January 21, 2001, two Aurora, Colorado, police officers noticed Mr. Fisher park and walk away from his vehicle while leaving the motor running and lights on.  The officers told Mr. Fisher that leaving a running vehicle unattended is a violation of the Aurora Municipal Code.  The officers approached the vehicle and asked Mr. Fisher for his driver's license.  As Mr. Fisher reached into the open vehicle, one of the officers illuminated the interior with a flashlight and noticed a gun in plain view on the floorboard behind the front passenger seat.  Mr. Fisher was immediately arrested for carrying a concealed weapon.

After other officers arrived at the scene for backup, Mr. Fisher was handcuffed and placed in the back of a patrol car.  Two officers searched the interior of the vehicle, retrieving a Glock .45 semi-automatic handgun and two packages of Newport cigarettes.  Upon opening one of the cigarette packages, an officer discovered what appeared to be crack cocaine in a clear plastic bag and a razor blade with white power residue on it.

During the drive to the station with Mr. Fisher, two officers in the front of

the patrol car conversed with each other regarding possible federal charges against Mr. Fisher ostensibly because they had found cocaine and a weapon. Mr. Fisher spoke up during the officers' conversation, stating that he was never in the vehicle and that the police could not "hang" the drugs and gun on him and that the officers should "get their story straight."

## Discussion

We review the district court's factual findings for clear error, but Fourth Amendment reasonableness and Fifth Amendment voluntariness are questions of law reviewed de novo. See, e.g., United States v. Hernandez, 93 F.3d 1493, 1501 (10th Cir. 1996); United States v. Lewis, 71 F.3d 358, 360 (10th Cir. 1995). First, we consider the propriety of the police officers' warrantless search of Mr. Fisher's vehicle. The validity of Mr. Fisher's arrest for carrying a concealed weapon is not disputed here, and Mr. Fisher's vehicle was searched within four to five minutes of his arrest. Under these circumstances, the search was valid as a search incident to arrest, and we need not address the alternate argument as to whether the search was a valid inventory search. See New York v. Belton, 453 U.S. 454, 460 (1981) (holding that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile" and

"examine the contents of any containers found within the passenger compartment"); United States v. Lugo, 170 F.3d 996, 1003 (10th Cir. 1999); United States v. Cotton, 751 F.2d 1146, 1149 (10th Cir.1985) ("[W]here an officer has made a lawful arrest of a suspect in an automobile, he may seize articles found within the interior of the automobile as part of a search incident to a lawful arrest, even where the arrestee is outside of the vehicle and handcuffed.").

Mr. Fisher also argues that the district court erred in not suppressing the statements he made in the patrol car during transport to the station because he was not advised of his rights as required by Miranda v. Arizona, 384 U.S. 436 (1966). It is certainly true that Miranda warnings are required when a suspect is subjected to custodial interrogation. However, we agree with the district court's conclusion that no such warnings were required because, even though the defendant may have been in custody, statements by the officers in the front seat of the patrol car made to each other do not constitute interrogation of the defendant. See Rhode Island v. Innis, 446 U.S. 291, 300 (1980) (holding that defendant's incriminating statements that interrupted officers' conversation in patrol car were not result of interrogation). We agree that defendant's statements (which were nonetheless exculpatory) were voluntary and spontaneous; the statements were not made in response to words or actions by the officers that were "reasonably likely to elicit

an incriminating response." Id. at 301.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge