**F I L E D**

**UNITED STATES COURT OF APPEALS**

**July 28, 2005**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RONALD FISHER,

    Defendant-Appellant.

No. 04-3353

(D.C. No. 03-CR-20154-KHV)
(D. Kan.)

**ORDER AND JUDGMENT***

Before **BRISCOE**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.**

    A grand jury indicted Defendant Ronald Fisher for possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). Defendant filed a motion to suppress evidence, challenging the warrantless seizure and subsequent search of his computer. The district court denied the motion, finding, among other

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    ** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case therefore is ordered submitted without oral argument.

things: (1) Defendant was on parole, (2) Defendant signed a parole agreement that allowed officers to search his person and property, and (3) parole officers had reasonable suspicion to believe Defendant was viewing child pornography. Defendant appeals. He argues the district court erred in focusing exclusively on his privacy interests rather than his possessory interests in the computer. We have jurisdiction, 28 U.S.C. § 1291, and review the district court's factual findings for clear error, United States v. Patten, 183 F.3d 1190, 1193 (10th Cir. 1999), and the ultimate determination of reasonableness under the Fourth Amendment de novo. United States v. Mikulski, 317 F.3d 1228, 1230-31 (10th Cir. 2003). Applying these standards, we affirm for substantially the same reasons as the district court.

I.

Defendant was convicted of aggravated burglary and aggravated robbery in state court. The underlying state charges included attempted rape. Defendant was released on parole in July 2002. Defendant signed a parole agreement. The agreement contained certain standard and special conditions of parole, some of which related specifically to sex offenders. The standard parole conditions subjected Defendant to a search of his person, residence, and other property under Defendant's control. The special conditions prohibited Defendant from using a computer to access any sexually explicit material and gave parole services the authority to search and inspect Defendant's computer activity at any time.

2

After his release, Defendant resided at a halfway house in Johnson County, Kansas. In April 2003, Defendant's parole officer received information that Defendant was viewing child pornography on his computer. The parole officer met with Defendant to discuss the allegation. Defendant signed an amendment to his parole agreement which prohibited him from using his computer until further notice. Defendant packed his computer equipment into boxes, taped up the boxes, and stored them in the basement of the halfway house.

On April 9, 2003, Defendant's urinalysis returned positive for marijuana. An arrest warrant was issued for Defendant based upon his parole violation. Parole officers went to the halfway house in an attempt to execute the warrant, but were unable to locate Defendant. The officers left a business card with another resident. Later that evening, the officers were informed that Defendant had returned to the halfway house, was given the business card, and left again after packing some clothes. Officers returned to the halfway house the next day and searched Defendant's property. Officers seized Defendant's computer and the Overland Park Police Department conducted an off-site inspection of the computer. Officers discovered roughly 298 images of child pornography on Defendant's computer.[1]

---

[1] The district court found, and Defendant apparently does not dispute, that parole officers had reasonable suspicion to search his house and property. See

(continued...)

3

II.

The Fourth Amendment prohibits government agents from conducting unreasonable searches and seizures. U.S. Const. amend. IV. To demonstrate a search or seizure is unreasonable, and thus a violation of the Fourth Amendment, a defendant must prove he had a legitimate expectation of privacy in the place searched *or the item seized*. See United States v. Angevine, 281 F.3d 1130, 1134 (10th Cir. 2002) (citing Rakas v. Illinois, 439 U.S. 128, 143 (1978)). The "ultimate question" is whether a defendant's claim to privacy from the government intrusion is objectively reasonable in light of all the surrounding circumstances. Angevine, 281 F.3d at 1134.[2] A parolee who has signed a valid parole agreement has a "significantly diminished . . . expectation of privacy."

_____

[1](...continued)
United States v. Knights, 534 U.S. 112, 121 (2001) (holding officers need only reasonable suspicion of criminal activity to conduct a search of a parolee's house when he is subject to a parole agreement); see also United States v. Tucker, 305 F.3d 1193, 1199 (10th Cir. 2002) (same). The district court properly and thoroughly analyzed this issue and we need not reiterate it here. Accordingly, we focus exclusively on Defendant's argument, as does he, that the subsequent seizure and off-site search of his computer was unlawful.

[2] Defendant's argument that we should focus exclusively on his "possessory interests" in the computer rather than his privacy interests is misguided. Although a "seizure" has been defined as a meaningful interference with an individual's "possessory interest" in property, see United States v. Jacobsen, 466 U.S. 109, 113 (1984), the Supreme Court has cautioned that "the principal object of the Fourth Amendment is the protection of privacy rather than property." Warden v. Hayden, 387 U.S. 294, 304 (1967); see also Knights, 534 U.S. at 118-19.

4

United States v. Knights, 534 U.S. 112, 119-20 (2001); see also United States v. Tucker, 305 F.3d 1193, 1199 (10th Cir. 2002) (noting "[a] parole agreement containing a provision allowing the search of a parolee's residence diminishes the parolee's reasonable expectation of privacy.").

In this case, as the district court aptly explained, Defendant did not have an objectively reasonable expectation of privacy in his computer in light of the parole agreement. Defendant explicitly agreed that parole officers could search Defendant's person, residence, and *any other property* under his control. Defendant also specifically agreed that his computer was subject to search *and inspection* by parole services *at any time*. Defendant knowingly signed the parole agreement. Defendant was thus on notice that the contents of his computer were not private and that his computer was subject to seizure and inspection at any time. Moreover, officers had a warrant for Defendant's arrest and reasonable suspicion he was viewing child pornography. Considering all the relevant circumstances, see Angevine, 281 F.3d at 1134, parole officers were clearly entitled to search and inspect Defendant's computer. Additionally, because Defendant had packed his computer in a box and sealed it with tape, parole officers had to seize the computer in order to conduct an off-site inspection of its contents. See United States v. Upham, 168 F.3d 532, 535 (1st Cir. 1999) (noting "it is no easy task to search a well-laden hard drive by going through all the

5

information it contains," and that an off-site inspection is reasonable if the "search for images . . . could not readily have been done on the spot").[3] The seizure and subsequent off-site search of Defendant's computer was reasonable and did not violate the Fourth Amendment. The district court's order is therefore AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[3] Like the district court, we reject Defendant's argument that he consented to a search of his computer by parole services but not by the Overland Park Police Department. Parole services did not have the expertise to search Defendant's computer once it was lawfully seized. Therefore, it was entirely reasonable for parole services to request the assistance of the Overland Park Police Department in conducting the search. See United States v. Lewis, 71 F.3d 358, 362 n.3 (10th Cir. 1995).