**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 15, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENT H CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

QUENTIN LEE STEWART,

  Defendant-Appellant.

No. 06-4276
(D.C. No. 2:05-cr-00321-DB)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **EBEL**, and **McCONNELL**, Circuit Judges.

---

Quentin Lee Stewart was charged with one count of being a felon in

possession of a firearm in violation of 18 U.S.C. § 922(g)(1) after police

discovered a .38 caliber revolver in his bedroom. At the time of the search,

Stewart was on probation and under the supervision of the Utah Adult Probation

and Parole Department. Pursuant to his probation agreement, Stewart agreed to

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

"[p]ermit officers of Adult Probation and Parole to search [his] person, residence, vehicle, or any other property under [his] control without a warrant at any time, day or night upon reasonable suspicion to ensure compliance with the conditions of the Probation Agreement." The probation agreement also required Stewart to comply with "all state, federal and municipal laws," and prohibited him from possessing firearms.

The police officers and probation agents discovered the firearm after attempting to arrest Stewart pursuant to an arrest warrant based on an allegation that Stewart had violated the terms of his probation. When the law enforcement officers arrived at Stewart's residence, they heard someone yell "police" and heard scuffling noises within the trailer home. The officers also witnessed someone throw a small bag of marijuana out of one of the windows of the trailer. As a result of these actions, the officers entered and secured the trailer. Thereafter, a witness at the residence told the officers that Stewart possessed several firearms. Based on this information, the officers then searched Stewart's bedroom and found three firearms, one of which formed the basis for the § 922(g) charge.

Stewart filed a motion to suppress the firearm the officers discovered during their search. The district court denied the motion, and Stewart subsequently entered a conditional guilty plea. Pursuant to the conditions in his

plea agreement, Stewart now appeals the district court's ruling on the suppression motion.

We review the denial of a motion to suppress de novo. United States v. Higgins, 282 F.3d 1261, 1269 (10th Cir. 2002). In conducting this review, "we consider the totality of the circumstances and view the evidence in a light most favorable to the government." Id. In addition, "[w]e accept the district court's factual findings unless those findings are clearly erroneous." Id.

The touchstone of our Fourth Amendment analysis is reasonableness. Jenkins v. Currier, 514 F.3d 1030, 1033 (10th Cir. 2008). In general, the Fourth Amendment requires a warrant supported by probable cause to justify a search; however, a "special needs" exception to this requirement applies where circumstances "beyond the normal need for law enforcement, make the warrant and probable-cause requirement impracticable." Griffin v. Wisconsin, 483 U.S. 868, 873 (1987). A state probation system may constitute one such special need. Id. at 873–74. Therefore, a probation search complies with the Fourth Amendment if it is conducted pursuant to state law that satisfies the

reasonableness requirement.[1]  See United States v. Carter, 511 F.3d 1264, 1268

(10th Cir. 2008).

Based on this precedent, our analysis proceeds in two parts.  First, we must

determine if the Utah state probation system satisfies the reasonableness inquiry.

We have previously concluded that it does.  Id.  Thus, we proceed to the second

step, where we must consider whether the probation search in the instant case

complied with the requirements of the Utah state probation search standard.  See

id.; see also United States v. Lewis, 71 F.3d 358, 362 (10th Cir. 1995).  The Utah

standard for probation searches relies on two prerequisites: "(1) that the

[probation] agent has a reasonable suspicion that the [probationer] has committed

a [probation] violation or crime, and (2) that the search is reasonably related to

the [probation] agent's duty."  Lewis, 71 F.3d at 362 (quotation marks omitted)

(quoting State v. Johnson, 748 P.2d 1069, 1072–73 (Utah 1987)).

Pursuant to Utah law, reasonable suspicion exists where the probation

officer's "suspicion is based only on a tip by an anonymous informer, the police,

---

[1] Stewart argues that the probation search violated the Fourth Amendment because his probation agreement did not contain his consent to the search nor did it reduce his expectation of privacy.  More specifically, Stewart contends that the agreement merely granted him the option to choose between allowing the officers to search or violating his probation.  However, Griffin and Lewis make it clear that the Fourth Amendment analysis of a search pursuant to an alleged probation violation proceeds under a reasonableness inquiry rather than under the contractual analysis asserted by Stewart.  In any event, we recently considered and foreclosed Stewart's argument.  See United States v. Carter, 511 F.3d 1264, 1268 (10th Cir. 2008) (holding, in part, that the Utah state probation agreement does not create such an option).

or other sources." State v. Martinez, 811 P.2d 205, 209 (Utah Ct. App. 1991). In the instant case, the officers possessed reasonable suspicion based on a contemporaneous witness statement that Stewart possessed several firearms in violation of his probation agreement.

The search was also reasonably related to the probation agents' duties. When they arrived at Stewart's residence, a witness told them that Stewart possessed several firearms. Thus, the law enforcement officers performed the search based on their legitimate concerns relating to Stewart's lack of compliance with the terms of his probation agreement. See Lewis, 71 F.3d at 363 ("To adequately deter misconduct and protect the public, [probation] agents must be permitted to act expeditiously upon reasonable suspicion of a [probation] violation.").

The search of Stewart's residence complied with the Fourth Amendment because the probation agents had reasonable suspicion of a probation violation and because the search was reasonably related to their duties. Accordingly, we AFFIRM the district court's denial of Stewart's motion to suppress.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge