FILED
United States Court of Appeals
Tenth Circuit

July 8, 2014

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL D. LEATHERWOOD,

    Plaintiff - Appellee,

v.

DENISE WELKER; MARK
PURSLEY; MARK EGBERT;
SHANNON HAZEN; KAREN
WHITE; CHRIS HUDSON; DEBBIE
WILKERSON; OFFICER RUSSELL;
OFFICER DANGERFIELD,

    Defendants - Appellants.

No. 13-6152

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. 5:11-CV-00934-C)**

---

Devan A. Pederson, Assistant Attorney General, Oklahoma Attorney General's
Office, Litigation Division, Oklahoma City, Oklahoma, for Defendants -
Appellants.

Michael D. Leatherwood, Pro Se.

Mark A. Hiller (and Mark T. Stancil of Robbins, Russell, Englert, Orseck,
Untereiner & Sauber, LLP, on the brief), Washington, D.C., for Plaintiff -
Appellee.

---

Before **KELLY**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

**KELLY**, Circuit Judge.

Defendants-Appellants appeal from an order of the district court denying their motion for summary judgment based on qualified immunity. Leatherwood v. Welker, No. CIV-11-934-C, 2013 WL 3058078 (W.D. Okla. June 17, 2013); Aplt. App. 431-37. Plaintiff-Appellee Michael Leatherwood initiated this litigation seeking declaratory and monetary relief under 42 U.S.C. § 1983 for violation of his constitutional rights stemming from the search of his house while he was a probationer in Oklahoma. Aplt. App. 21-32. Defendants are various employees of the Oklahoma Department of Corrections Probation and Parole Division who participated in or authorized the search. Id. at 431-32. The district court denied Defendants' motion for summary judgment based on qualified immunity, finding that "questions of material fact remain regarding the existence of reasonable suspicion" for the search. Leatherwood, 2013 WL 3058078, at *4. Exercising jurisdiction under 28 U.S.C. § 1291, we reverse.

I.      Jurisdiction

Ordinarily, denials of summary judgment are not appealable final decisions under 28 U.S.C. § 1291. Estate of Booker v. Gomez, 745 F.3d 405, 409 (10th Cir. 2014). The denial of summary judgment based on qualified immunity, however, is immediately appealable to the extent it turns on abstract issues of law. Id. Thus, we may review "(1) whether the facts that the district court ruled

a reasonable jury could find would suffice to show a legal violation, or (2) whether that law was clearly established at the time of the alleged violation." Id. (quoting Roosevelt–Hennix v. Prickett, 717 F.3d 751, 753 (10th Cir. 2013)) (internal quotation marks omitted).

We do not have jurisdiction, however, over questions of evidentiary sufficiency, "i.e., which facts a party may, or may not, be able to prove at trial." Johnson v. Jones, 515 U.S. 304, 313 (1995). If the parties ask us to determine "nothing more than whether the evidence could support a finding that particular conduct occurred," we are without jurisdiction. Behrens v. Pelletier, 516 U.S. 299, 313 (1996).

Frequently, we are called upon to review qualified immunity determinations where developed facts in the record support qualified immunity. In Plumhoff v. Rickard, 134 S. Ct. 2012 (2014), the Supreme Court reversed the Sixth Circuit which had affirmed a district court's denial of qualified immunity in an excessive force case. The Court agreed with the Sixth Circuit on jurisdiction (though not on the merits). As to jurisdiction, the Court stated:

> The District Court order in this case is nothing like the order in Johnson. Petitioners do not claim that other officers were responsible for shooting Rickard; rather, they contend that their conduct did not violate the Fourth Amendment and, in any event, did not violate clearly established law. Thus, they raise legal issues; these issues are quite different from any purely factual issues that the trial court might confront if the case were tried; deciding legal issues of this sort is a core responsibility of appellate courts, and requiring appellate courts to decide such issues is not an undue burden.

Id. at 2019. The Supreme Court viewed the case (on the jurisdictional point) as indistinguishable from Scott v. Harris, 550 U.S. 372, 380-81 (2007), where the Court, aided by a videotape, analyzed qualified immunity and instructed that a court cannot ignore what is plainly supported by the record. See Plumhoff, 134 S. Ct. at 2020.

Mr. Leatherwood argues that the district court's ruling was a determination of evidentiary sufficiency and is not reviewable. Aplee. Supp. Br. 17. Defendants disagree. See Aplt. Br. 3-4.[1] The district court seemed to recognize that the material facts were undisputed.[2] Leatherwood, 2013 WL 3058078, at *3.

The issue in this case is whether the Defendants' conduct violated the Fourth Amendment with an unreasonable search and the method of analysis should be the same as in Plumhoff and Scott. Fourth Amendment reasonableness is a legal question, and on this record it is plainly quite different than any factual issues which might be resolved at a trial. See Medina v. Cram, 252 F.3d 1124, 1131 (10th Cir. 2001). In other words, we need not engage in second-guessing

---

[1] Defendants challenge one factual finding as "blatantly contradicted" by the record. Aplt. Br. 32. We have jurisdiction to review that claim, Lewis v. Tripp, 604 F.3d 1221, 1225-26 (10th Cir. 2010), but do not need to address it.

[2] While the district court articulated its conclusion with the phrase "questions of fact remain" about Fourth Amendment reasonableness, it is clear from the order that the court, based on the undisputed facts, simply could not say as a matter of law that Defendants' conduct was reasonable. See Leatherwood, 2013 WL 3058078, at *3-*4. That is a determination we have jurisdiction to review.

whether the evidence supports an inference "that particular conduct occurred."

Behrens, 516 U.S. at 313.  Defendants ask us to review primarily legal issues, and we have jurisdiction to do so.

II.    Background

We view the facts in the light most favorable to Mr. Leatherwood as the party opposing summary judgment and draw reasonable inferences in his favor. Tolan v. Cotton, 134 S. Ct. 1861, 1866, 1868 (2014).  In this context, when the district court concludes certain facts could be found in favor of the plaintiff, we ordinarily take those facts as true.  Johnson v. Jones, 515 U.S. 304, 319 (1995); Booker, 745 F.3d at 409-10.  When the district court does not set forth with specificity the facts it relied on, we may look to the record to determine which facts the court likely assumed.  Behrens, 516 U.S. at 313 (citing Johnson, 515 U.S. at 319).  The facts in the light most favorable to Mr. Leatherwood are as follows:

Mr. Leatherwood was convicted of crimes in Oklahoma and placed on probation.  Leatherwood, 2013 WL 3058078, at *1.  His supervising probation officer, Defendant Denise Welker, received a phone call and an e-mail that led her to suspect that Mr. Leatherwood had violated various conditions of his

- 5 -

probation. Id. at *1-*2.[3] The district court did not set forth with specificity the contents of these communications, but Mr. Leatherwood did not dispute them.

The phone call, received July 27, 2009, was placed by Mr. Leatherwood's former wife. Aplt. App. 40-41, 421. She alleged personal knowledge that Mr. Leatherwood had raped his current girlfriend, Regina Wood, who had filed a restraining order against him. Id. When Defendant Welker asked the former wife whether Mr. Leatherwood possessed any weapons, she said Mr. Leatherwood might have firearms in his truck, in a safe, and on a shelf in his garage. Aplee. Supp. Br. 5; Aplt. App. 78, 137-38, 246-47, 396. The conditions of Mr. Leatherwood's probation prohibited him from possessing firearms and committing crimes. Aplt. App. 235.

The e-mail, sent September 4 and read September 7, 2009, Leatherwood, 2013 WL 3058078, at *2, Aplt. App. 77, 107-08, was forwarded to Defendant Welker by an assistant district attorney, who received it from a confidential informant. Aplt. App. 42, 422. The confidential informant relayed information from an anonymous source who alleged personal knowledge that Mr. Leatherwood had sent e-mails of a sexual nature to Ms. Wood, and that he had

---

[3] Defendants complain that the district court erroneously disregarded "a litany of facts" they claim Defendant Welker relied on in forming reasonable suspicion. See Leatherwood, 2013 WL 3058078, at *2; Aplt. Br. 29-31. Mr. Leatherwood disputed those facts in his summary judgment response. Aplt. App. 423. Because at this stage we view the facts in the light most favorable to Mr. Leatherwood, Tolan, 134 S. Ct. at 1866, we, like the district court, will consider only the telephone call and e-mail.

alcohol and sexual materials and devices in his home.  Id.  at 42, 77, 107-08, 422.

The conditions of Mr. Leatherwood's probation prohibited him from possessing

pornography or sexually oriented materials.  Id. at 234.

On September 16, 2009, Defendant Welker met with other defendants to

discuss the allegations against Mr. Leatherwood and obtained permission to

conduct a warrantless search of his home.  Leatherwood, 2013 WL 3058078 at *1,

*3; Aplt. App. 43.  Defendants found firearms in the search.  Leatherwood, 2013

WL 3058078 at *1.

III.    Qualified Immunity Analysis

To defeat defendants' motion for summary judgment, Mr. Leatherwood

must show that defendants violated a federal right and that the right was clearly

established at the time of the violation.  Tolan, 134 S. Ct. at 1865-66.  Because

Mr. Leatherwood complains of a warrantless search of his house, the right at issue

is the Fourth Amendment right against unreasonable searches.  See id. at 1865.

There are two ways to evaluate the reasonableness of a warrantless

probation search.  Under the Griffin "special needs exception," a probation search

will satisfy the Fourth Amendment if it is carried out "pursuant to state law which

itself satisfies the Fourth Amendment's reasonableness requirement."  United

States v. Lewis, 71 F.3d 358, 361 (10th Cir. 1995) (citing Griffin v. Wisconsin,

483 U.S. 868, 873 (1987)).  Under the Knights "totality-of-the-circumstances

exception," we evaluate the reasonableness of the search under general Fourth Amendment principles. United States v. Warren, 566 F.3d 1211, 1216 (10th Cir. 2009) (citing United States v. Knights, 534 U.S. 112 (2001)). Because we think it clear that the search of Mr. Leatherwood's home was reasonable under general Fourth Amendment principles, we need not address whether the search complied with the Oklahoma Department of Corrections' probation search policy. See United States v. Mabry, 728 F.3d 1163, 1166 n.3 (10th Cir. 2013).

"A probationer's home, like anyone else's, is protected by the Fourth Amendment's requirement that searches be 'reasonable.'" Griffin, 483 U.S. at 873. The reasonableness of a search is assessed by balancing the degree of intrusion into an individual's privacy with the need for the search to promote governmental interests. Knights, 534 U.S. at 118-19. A defendant's "status as a probationer subject to a search condition informs both sides of that balance." Id. at 119. Specifically, probation search conditions considerably diminish the probationer's reasonable expectation of privacy. Id. at 119-20. Mr. Leatherwood's probation conditions subjected his property to search "within the policy of the Department of Corrections." Aplt. App. 235. The relevant Oklahoma policy allows warrantless probation searches when there is reasonable suspicion of a probation violation or crime. Id. at 116. Given Mr. Leatherwood's diminished expectation of privacy as a probationer, and the State's interest in ensuring he did not violate the law, the search of his house was reasonable if

supported by reasonable suspicion.  See Knights, 534 U.S. at 121; Mabry, 728 F.3d at 1167; United States v. Tucker, 305 F.3d 1193, 1200 (10th Cir. 2002).

Reasonable suspicion is a particularized and objective basis for suspecting criminal activity.  Mabry, 728 F.3d at 1167.  To determine if reasonable suspicion existed, "we consider both the quantity of information possessed by law enforcement and its reliability, viewing both factors under the totality of the circumstances."  Id.  (internal quotation marks and citation omitted).  The reliability of informant information is determined by "the credibility or veracity of the informant, the basis of the informant's knowledge, and the extent to which the police are able independently to verify the reliability of the tip."  Tucker, 305 F.3d at 1201 (quoting United States v. Leos-Quijada, 107 F.3d 786, 792 (10th Cir. 1997)) (internal quotation marks omitted).  Mr. Leatherwood's primary argument regarding reasonable suspicion is that the call from his former wife and the e-mail were not sufficiently reliable.  Aplt. Supp. Br. 53-60.  He contends that his former wife had a motive to fabricate information, the e-mail was from an anonymous source, and neither was corroborated or contained predictive information.  Id. at 55-57.

Generally, anonymous tips must be corroborated and bear "sufficient indicia of reliability" to support reasonable suspicion.  Florida v. J.L., 529 U.S. 266, 270 (2000).  But probation searches may be premised on less reliable information than that required in other contexts.  Griffin, 483 U.S. at 879.

Accordingly, the Supreme Court in Griffin approved (under a special needs analysis) of a tip that came from a police officer but relayed hearsay information from an unidentified third party, was uncorroborated, and asserted only the possible existence of a violation. Id. at 878-80. In Tucker we approved of an uncorroborated tip from a known citizen-informant relaying information from anonymous sources where those sources alleged they had been in the defendant's home and witnessed the violation. Tucker, 305 F.3d at 1196, 1201. And we have approved of probation searches based on anonymous or vague tips in other cases. See, e.g., United States v. Carter, 511 F.3d 1264, 1269 (10th Cir. 2008); United States v. Trujillo, 404 F.3d 1238, 1245 (10th Cir. 2005); Lewis, 71 F.3d at 362-63.

In this context, the tips received by Defendant Welker were sufficiently reliable to create reasonable suspicion. Defendant Welker knew the identity of Mr. Leatherwood's former wife and spoke directly with her on the phone. She alleged personal knowledge that Mr. Leatherwood committed rape, the offense for which he was serving supervised release, and provided the name of Mr. Leatherwood's current girlfriend and alleged victim. The former wife also provided personal and detailed knowledge of the potential location of firearms in Mr. Leatherwood's home. While Mr. Leatherwood asserts his former wife had clear motivation to lie, presumably because she was the victim of his crime, it was not unreasonable for Defendant Welker to assess her credibility and rely on

- 10 -

the information.  The former wife was a known informant and could be held accountable if her allegations turned out to be fabricated.  See J.L., 529 U.S. at 270.  As to the e-mail, while the content of the allegations was provided by an anonymous informant, the person relaying the information and the assistant district attorney who forwarded the information to Defendant Welker were known.  See Tucker, 305 F.3d at 1201.  Moreover, the anonymous tipster alleged a reliable base of knowledge—access to Mr. Leatherwood's home.  Defendants' failure to corroborate these tips is not fatal in the probation context.  Id.  We conclude that on the basis of the telephone call and e-mail, defendants had reasonable suspicion that Mr. Leatherwood committed probation violations, and thus the search of his home did not violate his Fourth Amendment rights.

Even if we were to find that Mr. Leatherwood had shown a violation of his rights sufficient to satisfy the first qualified immunity prong, he would fail on the "clearly established" prong.  See Pearson v. Callahan, 555 U.S. 223, 243-44 (2009).  Given the substantial body of Tenth Circuit and Supreme Court case law approving probation searches premised on uncorroborated and anonymous tips, it would not have been "clear to a reasonable officer in the agents' position that their conduct was unlawful in the situation they confronted."  Wood v. Moss,  134 S. Ct. 2056, 2067 (2014) (internal quotation marks and formatting omitted).

Mr. Leatherwood's outstanding motion to strike defendants' supplemental authority is GRANTED, though we note that, given this disposition, the content

of the Rule 28(j) letters is moot.

REVERSED.