FILED
**United States Court of Appeals**
**Tenth Circuit**

**December 18, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOHN F. SINGER, an individual,

      Plaintiff - Appellee,

v.

JANICE STEIDLEY; M. BRYCE LAIR,

      Defendants - Appellants.

No. 14-5020
(D.C. No. 4:13-CV-00072-GKF-TLW)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

Defendants Janice Steidley and M. Bryce Lair appeal from the district court's

order denying in part their motion for summary judgment concerning plaintiff John F.

Singer's 42 U.S.C. § 1983 civil rights complaint. Because we lack jurisdiction over

this interlocutory appeal, we dismiss the appeal.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**BACKGROUND**

In his complaint, Mr. Singer alleged that he was an investigator for the Claremore Police Department, Ms. Steidley was an Oklahoma district attorney and Mr. Lair was an assistant district attorney who worked for Ms. Steidley. In retaliation for Mr. Singer's criticism of Ms. Steidley and Mr. Lair, they allegedly manufactured evidence that Mr. Singer had acted improperly during his investigation of a sexual assault case. Ostensibly relying on their duties under *Giglio v. United States*, 405 U.S. 150 (1972),[1] they then communicated, distributed, or disclosed the existence of this manufactured evidence to several persons or entities, including a United States attorney; Mr. Singer's superior at the Claremore Police Department; the Chief of the Pryor Police Department; the criminal defense counsel in a Rogers County District Court case; a friend of Mr. Lair who in turn disclosed its existence on the Oklahoma Criminal Defense Lawyers Association (OCDLA) website; and a Claremore newspaper. Mr. Singer alleged that these retaliatory actions had caused significant, irreparable damage to his reputation and employment. He asserted claims under § 1983 for First Amendment retaliation and for deprivation of his Fourteenth Amendment rights. He also requested exemplary damages, declaratory judgment that

---

[1]     *Giglio* requires the prosecution to disclose to a criminal defendant information bearing on a witness's credibility where that evidence may be material to the defendant's guilt or punishment. *See United States v. Harmon*, 742 F.3d 451, 459 (10th Cir. 2014) (discussing *Giglio* rule).

the manufactured materials did not constitute *Giglio* material, and an injunction against the defendants' further dissemination of the materials.

The defendants moved to dismiss the complaint, asserting among other defenses absolute prosecutorial immunity concerning all claims and qualified immunity concerning the Fourteenth Amendment claim. The district court dismissed the complaint in part. It granted the defendants absolute prosecutorial immunity to the extent Mr. Singer's claims relied on disclosures of *Giglio* material to the United States attorney and to defense counsel. It granted them qualified immunity on the Fourteenth Amendment claim because it found the alleged liberty interest was not clearly established. It also dismissed the claims for declaratory and injunctive relief. The partial dismissal left intact Mr. Singer's First Amendment retaliation claim based on the disclosures to the Claremore and Pryor police chiefs, the defense attorney website, and the Claremore newspaper; and his claim for exemplary damages.

With the district court's permission, Mr. Singer then filed a first amended complaint. He reasserted his First Amendment retaliation and exemplary damages claims and added state-law claims for defamation, libel and slander. The defendants sought summary judgment on the amended complaint. In their motion, they did not renew their arguments for absolute or qualified immunity. Instead, they contended that summary judgment should be granted because they did not actually disclose the *Giglio* materials to the police chiefs, the Claremore newspaper, or the Oklahoma

Criminal Defenders' website, and because Mr. Singer failed to establish the elements of a First Amendment retaliation claim.[2]

In its summary judgment order the district court did not discuss whether the defendants were entitled to either absolute or qualified immunity. Rather, it concluded that reasonable jurors could disagree concerning whether the defendants had disclosed *Giglio* materials to the police chiefs and the newspaper.[3] It further

---

[2] The defendants' summary judgment briefs did contain some passing references to immunity. They argued that they did not lose the absolute immunity connected with the fulfillment of their duties under *Giglio* merely because third parties disseminated the *Giglio* materials to the police chiefs, the newspaper, and the website. The district court never reached this argument, because it found sufficient evidence that it was the defendants themselves who disseminated the materials to the police chiefs and the newspaper. We lack appellate jurisdiction to resolve a dispute concerning this factual finding in a qualified immunity appeal. *See Johnson v. Jones*, 515 U.S. 304, 313 (1995) (holding district court's determination that summary judgment record raised genuine issue of fact concerning petitioners' involvement in unconstitutional conduct did not constitute appealable final decision). To the extent we may reach factual issues in an appeal from the denial of absolute immunity, *see Malik v. Arapahoe Cnty. Dep't of Soc. Servs.*, 191 F.3d 1306, 1313 (10th Cir. 1999) (addressing factual issues in interlocutory appeal from denial of absolute immunity), the defendants have not renewed their argument that absolute immunity is unaffected by disclosures made only by third parties, and so that argument is not before us. *See* Aplt. Br. in Chief at 20-24; Reply Br. at 6-9.

In addition, the defendants argued that "all disclosures made were objectively reasonable and are covered under either absolute or qualified immunity." Aplt. App. at 167. We do not read this argument as an assertion of immunity for their disclosure of materials to others besides the United States attorney or defense counsel. In their summary judgment brief, the defendants did not admit to making such disclosures. In any event, the district court was not required to consider such a cursory and conclusory argument in ruling on summary judgment.

[3] The district court determined that "no reasonable jury could conclude that defendants provided *Giglio* material to the OCDLA or that [Mr. Lair's friend] posted

(continued)

- 4 -

determined that Mr. Singer presented sufficient evidence to survive summary judgment on the issues of whether he suffered a "chilling" injury and whether the defendants' actions were substantially motivated as a response to his constitutionally protected conduct. Aplt. App., Vol. II at 616-19. Accordingly, it denied summary judgment on the First Amendment retaliation claim.[4]

## DISCUSSION

"Ordinarily, denials of summary judgment are not appealable final decisions under 28 U.S.C. § 1291." *Leatherwood v. Welker*, 757 F.3d 1115, 1117 (10th Cir. 2014), *petition for cert. filed* (U.S. Oct. 10, 2014) (No. 14-6767). "The denial of summary judgment based on qualified immunity, however, is immediately appealable to the extent it turns on abstract issues of law." *Id.* at 1117-18. Similarly, the denial of absolute immunity is an immediately appealable decision. *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985). An exception is made to § 1291's finality requirement in both cases, because "[t]he entitlement is an immunity from suit rather than a mere defense to liability; and . . . is effectively lost if a case is erroneously permitted to go to trial" and the district court's decision denying immunity is therefore "effectively unreviewable on appeal from a final judgment." *Id.* at 526-27.

---

his comments about [Mr.] Singer on the OCDLA website at the request or direction of [Mr.] Lair." Aplt. App., Vol. II at 616.

[4] The district court granted summary judgment to the defendants on Mr. Singer's state-law claims.

- 5 -

But this exception to § 1291's jurisdictional final order requirement depends on a summary judgment decision that actually denies an absolute or qualified immunity defense. *See, e.g.*, *Bines v. Kulaylat*, 215 F.3d 381, 385-86 (3d Cir. 2000) (dismissing for lack of appellate jurisdiction defendant's interlocutory appeal from denial of summary judgment; refusing to entertain qualified immunity argument raised for first time on appeal). An interlocutory appeal may also of course be taken from a decision that fails or refuses to decide a claim of immunity that has been squarely presented to the district court. *See Workman v. Jordan*, 958 F.2d 332, 334-36 (10th Cir. 1992) (holding district court's order postponing ruling on defendants' qualified immunity defense was immediately appealable). Here, however, the defendants did not move for summary judgment based on either absolute or qualified immunity and the district court did not address the immunity issue in its summary judgment order. Accordingly, the "denial of immunity" exception to § 1291's final-order rule does not apply.

Defendants argue, however, that the district court reached the qualified immunity issue *sua sponte* when it cited an unpublished Tenth Circuit case, *McCook v. Springer Sch. Dist.*, 44 F. App'x 896 (10th Cir. 2002). But the district court did not specify that it was making a qualified immunity ruling when it referred to *McCook*. It noted that *McCook* had applied an objective reasonableness test "in the context of a summary judgment motion based on qualified immunity." Aplt. App., Vol. II at 618. It then applied the objective reasonableness test to the facts of this

case.  The district court nowhere conducted a qualified immunity analysis or indicated that it was making a determination concerning the availability of qualified immunity, a fact that defendants implicitly concede in their opening brief.  *See* Aplt. Br. in Chief at 26 (noting that district court "stopped short of applying . . . [*McCook's*] entire [qualified immunity] burden-shifting test.").  The issue the district court considered and resolved, whether Mr. Singer sufficiently established the elements of a claim for First Amendment retaliation, was relevant outside the qualified immunity context, and that appears to be the gist of the district court's citation to *McCook*.

Defendants also argue that we have discretion to reach the immunity issue for the first time on appeal.  Although as a general matter we have discretion to reach issues presented for the first time on appeal, *see, e.g.*, *Braswell v. Cincinnati Inc.*, 731 F.3d 1081, 1092-93 (10th Cir. 2013), defendants fail to persuade us that we may exercise that discretion to create appellate jurisdiction where none otherwise exists.  This is not a case where our appellate jurisdiction is otherwise established and the defendant incidentally seeks to raise an immunity defense for the first time on appeal.  Here, our appellate jurisdiction depends on the existence of a ruling denying absolute or qualified immunity from which a timely appeal was taken.  Because no such ruling exists, this appeal must be dismissed.

**CONCLUSION**

This appeal is dismissed for lack of appellate jurisdiction.  We grant Valery O. Giebel's motion to withdraw as counsel for appellants.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge