FILED
United States Court of Appeals
Tenth Circuit

April 18, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

EMBRY JAY LOFTIS,

     Plaintiff - Appellant,

v.

BILLY EADES; GAIL WILHITE,

     Defendants - Appellees.

No. 16-7009
(D.C. No. 6:14-CV-00344-RAW)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **McKAY**, and **O'BRIEN**, Circuit Judges.
_____

     Embry Jay Loftis, proceeding pro se,[1] claims two police officers, Billy Eades and Gail Wilhite, violated his constitutional rights. He appeals from a summary judgment entered against him. We affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Loftis appears pro se, we liberally construe his pleadings. *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). But we may not act as his attorney by searching the record and constructing arguments for him. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## I. Background

Eades and Wilhite are police officers in Ardmore, Oklahoma. On January 2, 2009, Officer Eades stopped Loftis for driving a truck with a defective tail light. Loftis did not have a valid driver's license, so Eades arrested him and asked Officer Wilhite to transport him to the station. According to Officer Eades' report, he searched Loftis' truck before having it towed. In doing so, he found a small baggie containing a white substance, which preliminary tests identified as cocaine. Officers searched Loftis during booking, finding and seizing over four hundred dollars in cash from his pocket. Loftis was charged with possession of cocaine, driving without a driver's license, and operating a defective vehicle, but the state dismissed all charges on March 26, 2009.

On March 23, 2011, Loftis sued Officers Eades and Wilhite under 42 U.S.C. §§ 1983 and 1985 in federal district court. At Loftis' request, the district court later dismissed the lawsuit without prejudice, and Loftis refiled his claims in Oklahoma state court. The defendants then removed the case to federal court. His complaint charges that the defendants, acting in their individual and official capacities, arrested him "by means of false report" and denied him "his right to be secure in his person[], to be free from unlawful search and seizure[,] his right not to be enslaved [or] deprived of life or property . . . other than by due process of law, and finally, his right to travel the public highways/roads without restraint." R. at 12; *see id*. at 16-17.

## II. Standard of Review

We review the grant of summary judgment de novo. *Felkins v. City of Lakewood*, 774 F.3d 647, 650 (10th Cir. 2014). A party is entitled to summary judgment if he "shows that there is no genuine dispute as to any material fact and [he] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At this stage, we view the facts in the light most favorable to the nonmoving party and draw all reasonable inferences in his favor. *Leatherwood v. Welker*, 757 F.3d 1115, 1119 (10th Cir. 2014).

## III. Analysis

The district judge concluded the applicable statute of limitations barred Loftis' claims. Alternatively, he decided: 1) the defendants were entitled to qualified immunity on Loftis' claims against them in their individual capacities, and 2) Loftis failed to present sufficient evidence to support his claims against them in their official capacities. Loftis fails miserably in his assault on the alternate basis of decision. For that reason, we affirm the summary judgment without addressing the statute of limitations. *See Starkey ex rel. A.B. v. Boulder Cty. Soc. Servs.*, 569 F.3d 1244, 1252 (10th Cir. 2009) ("When an appellant does not challenge a district court's alternate ground for its ruling, we may affirm the ruling.").

### A. Claims Against Defendants in their Individual Capacities

After the defendants raised a qualified immunity defense it became Loftis' burden to show they 1) violated a constitutional right and 2) the right was clearly established. *Puller v. Baca*, 781 F.3d 1190, 1196 (10th Cir. 2015). The summary

3

judgment rested on the first prong. Loftis offered no evidence of his truck having had two functioning tail lights and he admitted to not having a valid driver's license. That said, there was no dispute over probable cause to arrest him. Likewise, he presented no evidence suggesting the searches of his truck and person were impermissible inventory searches, or that a substance testing positive for cocaine was not recovered from his vehicle.

Loftis' appellate briefs include no meaningful argument. He accuses the defendants of "conjuring up facts to create the illusion of probable cause," Aplt. Opening Br. Attach. B, but he identifies no record evidence supporting this claim, *see Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (pro se parties must "follow the same rules of procedure that govern other litigants"); Fed. R. App. P. 28(a)(8)(A) (appellant's brief must contain "citation to the authorities and parts of the record on which the appellant relies"). He also claims the defendants violated an Oklahoma statute by failing to give him a traffic citation before transporting him to the station, but cites no authority suggesting their failure to do so violated a constitutional right. Although we hold pro se briefs to a less stringent standard than those drafted by lawyers, we may not serve as Loftis' attorney by searching the record and constructing arguments for him. *See Garrett*, 425 F.3d at 840. Because Loftis does not adequately challenge the district court's qualified immunity determination in his briefs, we conclude he has waived any argument on this issue. *See id.* at 841 ("Issues will be deemed waived if they are not adequately briefed." (brackets and internal quotation marks omitted)).

4

## B. Claims Against Defendants in their Official Capacities

As the district court recognized, official capacity claims actually target employers.[2]  *See McDonald v. Wise*, 769 F.3d 1202, 1215 (10th Cir. 2014). However, a municipality is not liable under § 1983 simply because its employee(s) may have caused injury.  *Mocek v. City of Albuquerque*, 813 F.3d 912, 933 (10th Cir. 2015).  Rather, a plaintiff must show a municipal policy or custom caused his injury. *Id.*  According to the district judge, Loftis failed to present evidence of a policy or custom of the city caused him harm.  Loftis does not challenge that conclusion and has, therefore, waived argument on this issue as well.  *See Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012) ("Arguments not clearly made in a party's opening brief are deemed waived.").

## IV. Conclusion

The summary judgment is affirmed.

Entered for the Court

Terrence L. O'Brien
Circuit Judge

---

[2] Loftis does not claim the defendants' were policy makers or supervisors.